AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey  ▾

| | | |
|---|---|---|
| Jaime Rodriguez | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Perth Amboy Police Department et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Perth Amboy Police Department; Roman McKeon in his official capacity as Acting Chief of Police of the Perth Amboy Police Department; Officer Jonathan Coronado Castillo; Officer Enmanuel Pena-Sanchez; and Officer Davis Salazar

365 New Brunswick Avenue
Perth Amboy, NJ 08861

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Law Office of Jarred S. Freeman
3840 Park Avenue, Suite 202-A
Edison, NJ 08820

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jaime Rodriguez,<br><br>        Plaintiff,<br><br>        v.<br><br>Perth Amboy Police Department; Roman McKeon in his official capacity as Acting Chief of Police of the Perth Amboy Police Department; Officer Jonathan Coronado Castillo, Badge # 0248; Officer Enmanuel Pena-Sanchez, Badge # unknown; Officer Davis Salazar, Badge # unknown; John Doe 1-10; and State Agency 1-10,<br><br>        Defendants. | Index No.:<br><br>Civil Action: Violation of Civil Rights<br><br><br>COMPLAINT |

Plaintiff Jaime Rodriguez, by and through his attorneys at the Law Office of Jarred S. Freeman, Esq., LLC, by way of Complaint against the defendants appears and says as follows:

<u>NATURE OF THE CASE, JURISDICTION AND VENUE</u>

1.      This is a civil action brought, inter alia, by plaintiff for violation of his civil rights by the wrongful action of police officers.  More specifically, plaintiff alleges that each of the defendants violated one or more provisions of Federal or State law including 42 U.S.C. § 1983  and § 1988, U.S. Const. amend. IV and XI, as well as the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq. This Complaint alleges that by virtue of their wrongful conduct, defendants are liable to plaintiff jointly and severally for actual damages, attorney

fees, and punitive damages as the Court sees fit.

2.      Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.

§1331 and §1343 as this is an action to redress violations of the plaintiff's rights pursuant to

the Federal Constitution and Federal law, and the fact that the amount in controversy (i.e.

damages) exceeds $100,000.00.  Jurisdiction over the State law claims is premised upon the

supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

3.      Venue of this Court is premised upon the residences of the various parties as

well as the location of the acts which form the basis of the instant suit, pursuant to 28 U.S.C.

§1391(b)(1) and §1391(b)(2).

PARTIES

4.      At all times relevant herein, plaintiff is a natural person who resides at 309

Market Street, Apt. 3, Perth Amboy, New Jersey 08861.  Plaintiff is a legal resident of the

United States and the State of New Jersey.

5.      At all times relevant herein defendant Perth Amboy Police Department is a

local/municipal agency/entity which is legally answerable to plaintiff on the charges herein

claimed.

6.      At all times relevant herein defendant Roman McKeon is a natural person and is

the Acting Chief of Police of the Perth Amboy Police Department. He is sued in his official

capacity only.

7.      At all times relevant herein defendant Jonathan Coronado Castillo (Badge

Number 0248) is a natural person and is employed as a police officer by the Perth Amboy Police

Department.  He is sued in his official capacity and individually.

8.      At all times relevant herein defendant Enmanuel Pena-Sanchez (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department.  He is sued in his official capacity and individually.

9.      At all times relevant herein defendant Davis Salazar (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

10.      John Doe 1-10 are fictitious names used to identify defendant natural persons whose identities are presently unknown.

11.      Agency 1-10 are fictitious names used to identify defendant agencies and/or entities whose identities are presently unknown.

12.      The police officers and detectives herein sued were all acting under color of State law as duly-appointed active duty members of the Perth Amboy Police Department, and in such capacity were the agents, servants, and employees of defendant Perth Amboy Police Department.

## STATEMENT OF FACTS

13.      On or about May 2, 2016, plaintiff was brutalized and beaten by Perth Amboy Police Officers Jonathan Castillo and Enmanuel Pena-Sanchez in the context of an arrest for an active warrant.

14.      More specifically, Officers Castillo and Pena-Sanchez were patrolling the area of Fayette Street when they observed a "disorderly group" gathered in the area of 179 Fayette

Street. The Officers instructed the group to lower their voices and disperse when they observed

the plaintiff, whom they suspected had an active warrant out of Perth Amboy. Plaintiff was

smoking a cigarette and dispersing with the group when he was attacked by Officer Castillo. At

no time was plaintiff aware that he was under arrest or that the Officers were looking to

specifically speak with him.

15.     Thereafter, Officer Castillo forced plaintiff to the ground with great force and

continued to hit him while he was subdued on the ground. Officer Castillo, or an unknown

Officer, went so far as to forcefully drop his knee down on plaintiff's face and head while he

was on the ground not resisting. While plaintiff was on the ground being beaten, Officer Pena-

Sanchez unnecessarily administered pepper spray, further harming the plaintiff.  All of these

actions constituted excessive physical force and violence not appropriate to the circumstances.

16.     At no time was plaintiff resisting the Officers in any way. Surveillance footage of

the area shows plaintiff walking away when he is suddenly, and violently, thrown to the

ground and abused by the Officers. Video footage shows no indication that plaintiff was

physically resisting or refusing to comply with the Officers' orders in any manner.

17.     Plaintiff was then arrested and charged with Obstructing Justice and Resisting

arrest on Warrant # W-2016-000700 in Perth Amboy. Charges against plaintiff were eventually

transferred to Woodbridge Municipal Court where, on April 25, 2017, the charges of

Obstructing Justice and Resisting Arrest were dismissed.

18.     On or about July 18, 2016, plaintiff was enjoying a dinner and night out at the

Armory, a restaurant on the Perth Amboy waterfront, when off-duty Perth Amboy Police

Officer Davis Salazar approached and threatened the plaintiff.

19.     More specifically, Officer Salazar, while off-duty and unprovoked, threatened plaintiff saying that he will physically attack plaintiff, and challenged plaintiff to file a complaint against him, all while making lewd remarks to plaintiff. There is audio recording of the entire encounter between plaintiff and Officer Salazar.

20.     As a direct and proximate result of the Officers' actions, plaintiff has suffered severe injuries to face including contusions, back injuries, and a fracture of his right orbital. To this day plaintiff continues to suffer physical, mental, and emotional injury as well as other damages as a direct and proximate result of the defendants' wrongful acts.

## ADDITIONAL FACTS REGARDING LIABILITY

21.     Defendant Perth Amboy Police Department, acting through its Acting Chief of Police Ramon McKeon, is the ultimate policymaking authority for the policies and procedures officially adopted and implemented by the employees of Perth Amboy Police Department, including the officers named in the complaint.

22.     Defendant Perth Amboy Police Department is also legally responsible for the hiring, training, retention, supervision, and discipline of all its employees.

23.     Defendant Perth Amboy Police Department is also legally responsible for the acts of all its employees related to the scope of their employment, under theories of agency, respondeat superior, vicarious liability, and related legal principles.

24.     The nature of the wrongful acts perpetrated by the individual defendant police officers was of the kind that each individual defendant was employed to perform, and/or

occurred substantially within the time and space limits of each individual defendant's employment, and/or was actuated in whole or part by purpose to serve the employer, and/or involved actual use of force not unforeseeable by the employer.

25.     The Perth Amboy Police Department is a public entity and its employees are public employees. The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint.  These wrongful actions were undertaken in the absence of reasonable good faith.

26.     Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment with the Perth Amboy Police Department but rather were undertaken within the scope of employment.  Therefore, the public entity Perth Amboy State Police Department should be held vicariously liable for the wrongful acts of the individual defendants.

27.     For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the tortuous and wrongful actions herein complained. The tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately causing the injuries herein complained. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

28.     Upon information and belief, the wrongful conduct described above was perpetrated in conjunction with a longstanding and pervasive pattern of improper and excessive force utilized by the employees of the Perth Amboy Police Department.  Upon information and belief the discovery phase of this litigation will reveal many instances wherein Perth Amboy Police Department, by and through its employees, has allowed, condoned, encouraged, and otherwise engaged in wrongful excessive and unreasonable force.  Despite being put on notice of such allegations, Perth Amboy Police Department utterly failed to discipline the guilty officers and utterly failed to train and supervise them in order to produce future abuses, but rather allowed, condoned, and encouraged such wrongful conduct to continue.

<u>CAUSES OF ACTION</u>

COUNT I – VIOLATION OF 42 U.S.C. § 1983

29.     Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

30.     At all times, plaintiff had the Constitutional right to be free from the use of excessive and unreasonable force against his person by the defendants for reasons including (but not limited to) the provisions of U.S. Const. amend. IV and XI.

31.     The defendants individually and in concert participated and conspired with one another (under the color of law) to deprive plaintiff of his civil rights by exercising improper and excessive force against him, as described more fully elsewhere in the Complaint.

32.     The defendant officers violated 42 U.S.C. § 1983 by inflicting serious personal injury upon plaintiff by means of improper and excessive force grossly disproportional to any amount of force required to exercise any lawful stop/restraint/arrest. As a direct and proximate result of such violation of the statute, the plaintiff has been materially harmed and suffered substantial damages described more fully elsewhere.

### COUNT II - VIOLATION STATE LAW AND 42 U.S.C. § 1988

33.     Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

34.     For substantially identical reasons as those described above, all of the wrongful acts complained of the defendants as violations of 42 U.S.C. § 1983 and the Federal Constitution also constitute violations of plaintiff's rights under the New Jersey Constitution and violations of New Jersey statutory law including but not limited to New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq.

35.     As explained more fully elsewhere, each defendant was acting at all relevant times in furtherance of the interests of Perth Amboy Police Department.

36.     As explained more fully elsewhere, plaintiff has suffered material harm and substantial damages as a direct and proximate result of such wrongful acts and violations of law by the defendants.

### COUNT III - EMOTIONAL DISTRESS INTENTIONALLY/ NEGLIGENTLY INFLICTED

37.    Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

38.    As explained above, the officers named in the Complaint repeatedly abused plaintiff prior to his arrest.  Furthermore, plaintiff has repeatedly been threatened by Officers of the Perth Amboy Police Department in the time following his incident on May 2, 2016. As a result, plaintiff has developed severe psychological trauma. Plaintiff routinely has trouble sleeping at night. Plaintiff is extremely uncomfortable at the sight of Police Officers to the point that he was extremely nervous and anxious when appearing in Municipal Court. Due to the physical abuse and threats, plaintiff has developed a fear of Police to such an extent that at times he is afraid to leave his home. Plaintiff's fear of law enforcement and anxiety was further exacerbated by the threats he received from Officer Salazar while at the Armory.

39.    This conduct was so extreme and outrageous that it can fairly be said to constitute intentional acts intended to cause emotional distress, or alternatively the conduct was undertaken recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or alternatively the conduct was so negligent that it would cause a reasonable person fright from a reasonable fear of immediate personal injury, and such personal injury did actually occur here.

40.    A reasonable person in plaintiff's position would experience such severe emotional distress no one could be expected to endure, namely reasonable fear of personal

injury, actual and lasting personal injury, and a reasonable fear of Police Officers as a result

of this incident.   This wrongful conduct proximately caused plaintiff to actually suffer all of

this emotional distress and all of this fear, and also to suffer serious personal injury.  Plaintiff

therefore specifically requests punitive damages.

COUNT IV – FALSE ARREST

41.     Plaintiff repeats and reiterate each and every allegation contained previously

in the Complaint and incorporate the same herein by reference as if set forth in their

entirety.

42.     On May 2, 2016, plaintiff was unlawfully arrested by Perth Amboy Police

Officers Castillo and Pena-Sanchez.

43.     Plaintiff was arrested against his will and was arrested without proper legal

authority, legal justification, or probable cause.

44.     Plaintiff was arrested for Obstructing Justice and Resisting arrest, charges that

were dismissed on April 25, 2017.

45.     At no time did plaintiff resist arrest or obstruct the Officers in any manner.

There was no justification to arrest plaintiff for these charges and to abuse him in the

process.

46.     Plaintiff was materially harmed and is dealing with severe emotional trauma as

a result of this false arrest. As such, defendants are liable to plaintiff for damages as a result of

the false arrest.

COUNT V - FUTURE INJURY/  FUTURE MEDICAL EXPENSES/

## FUTURE EARNING CAPACITY DAMAGED BY TORT

47.     Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

48.     For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

49.     There is a reasonable medical probability that plaintiff will suffer future consequences of the present injury including further loss of use.

50.     There is a reasonable probability that plaintiff will incur future medical expenses as a result of the above.

51.     The nature of the injury, specifically injuries to plaintiff's back and upper body, is of the kind rendering it reasonably probable that his capacity to earn a living will be adversely affected, since plaintiff worked as a landscaper prior to this incident, a job requiring a full functioning and healthy upper body, a job he has not been able to perform since this incident.

52.     Here, the quantum of diminishment of future earning capacity can reasonably be determined.

## COUNT VI - PUBLIC EMPLOYEE WRONGFULLY ENFORCING LAW

53.     Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their

entirety.

54.     Upon information and belief, defendant Perth Amboy Police Department is a public entity and its employees are public employees.

55.     The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint.  Among other things, the individual defendants willfully neglected the laws and policies binding upon them to lawfully arrest the plaintiff and do so without excessive force.  These wrongful actions were undertaken in the absence of reasonable good faith.

56.     This wrongful execution and enforcement of the law proximately caused harm and damages to the plaintiff, for reasons explained more fully elsewhere in the Complaint.

57.     Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment at the Perth Amboy Police Department, but rather were undertaken within the scope of employment.  Therefore, the public entity Perth Amboy Police Department should be held vicariously liable for the wrongful acts of the individual defendants.

## COUNT VII – OFFENSIVE PHYSICAL CONTACT THREATENED

58.     Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

59.     On or about July 18, 2016, Officer Davis Salazar, acting unprovoked,

intentionally threatened plaintiff with immediate offensive physical contact.

60.    While plaintiff was at the Armory in Perth Amboy, Officer Salazar's words and conduct placed plaintiff in reasonable, imminent, apprehension of offensive physical contact.

61.    Officer Salazar acted intentionally to place the plaintiff in reasonable fear of such offensive contact based on the threats made, as well as his proximity to the plaintiff.

62.    As a direct and proximate result of Officer Salazar's conduct, plaintiff has suffered severe emotional and psychological trauma for which defendants are liable. Plaintiff specifically seeks punitive damages on this count.

### COUNT VIII - INDIVISIBLE HARM/ JOINT AND SEVERAL LIABILITY

63.    Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

64.    For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

65.    For all of the reasons explain more fully elsewhere in the Complaint, the tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately causing the injuries herein complained.

66.    To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to

individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff requests relief and judgment against defendants, as follows:

1. For general and consequential damages including (but not necessarily limited to) actual damages, pain and suffering, past and future medical expenses, mental anguish, and loss of earning capacity;

2. For punitive damages;

3. For reasonable attorneys' fees;

4. For costs of suit; and

5. For such further and different relief as the court may deem just and equitable.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury as to all issues in the above matter.

<u>DESIGNATION OF TRIAL ATTORNEY</u>

Jarred S. Freeman, Esq. is hereby designated as trial counsel for the plaintiff in the above matter.

<u>CERTIFICATION OF SERVICE</u>

I HEREBY CERTIFY that on May 11, 2017, I electronically filed the foregoing Complaint with the Clerk of the Court via CM/ECF.  I further certify that true copies of the Complaint will be served upon all parties in a manner authorized by law.

<u>CERTIFICATION OF COUNSEL</u>

I HEREBY CERTIFY that that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the instant pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

DATED:  May  11 , 2017                 BY:_____

                                         Jarred S. Freeman, Esq.
                                         Attorney for Plaintiff