UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jaime Rodriguez,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The City of Perth Amboy; Perth Amboy Police Department; Roman McKeon in his official capacity as Acting Chief of Police of the Perth Amboy Police Department; Officer Jonathan Coronado Castillo, Badge # 0248; Officer Enmanuel Pena-Sanchez, Badge # unknown; Officer Davis Salazar, Badge # unknown; Officer Rafael Bengochea, Badge # unknown; John Doe 1-10; and State Agency 1-10,<br><br>　　　　Defendants. | Index No.:<br><br>Civil Action: Violation of Civil Rights<br><br><br>FIRST AMENDED COMPLAINT |

Plaintiff Jaime Rodriguez, by and through his attorneys at the Law Office of Jarred S. Freeman, Esq., LLC, by way of Complaint against the defendants appears and says as follows:

## NATURE OF THE CASE, JURISDICTION AND VENUE

1.　　　This is a civil action brought, inter alia, by plaintiff for violation of his civil rights by the wrongful action of police officers. More specifically, plaintiff alleges that each of the defendants violated one or more provisions of Federal or State law including 42 U.S.C. § 1983 and § 1988, U.S. Const. amend. IV and XI, as well as the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq. This Complaint alleges that by virtue of their wrongful

conduct, defendants are liable to plaintiff jointly and severally for actual damages, attorney fees, and punitive damages as the Court sees fit.

2.  Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331 and §1343 as this is an action to redress violations of the plaintiff's rights pursuant to the Federal Constitution and Federal law, and the fact that the amount in controversy (i.e. damages) exceeds $100,000.00. Jurisdiction over the State law claims is premised upon the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

3.  Venue of this Court is premised upon the residences of the various parties as well as the location of the acts which form the basis of the instant suit, pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## PARTIES

4.  At all times relevant herein, plaintiff is a natural person who resides at 309 Market Street, Apt. 3, Perth Amboy, New Jersey 08861. Plaintiff is a legal resident of the United States and the State of New Jersey.

5.  At all times relevant herein, defendant City of Perth Amboy was a municipal corporation duly incorporated under the laws of the State of New Jersey.

5.  At all times relevant herein defendant Perth Amboy Police Department is a local/municipal agency/entity which is legally answerable to plaintiff on the charges herein claimed.

6.  At all times relevant herein defendant Roman McKeon is a natural person and is the Acting Chief of Police of the Perth Amboy Police Department. He is sued in his official

capacity only.

7. At all times relevant herein defendant Jonathan Coronado Castillo (Badge Number 0248) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

8. At all times relevant herein defendant Enmanuel Pena-Sanchez (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

9. At all times relevant herein defendant Davis Salazar (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

10. At all times relevant herein defendant Rafael Bengochea (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

11. John Doe 1-10 are fictitious names used to identify defendant natural persons whose identities are presently unknown.

12. Agency 1-10 are fictitious names used to identify defendant agencies and/or entities whose identities are presently unknown.

13. The police officers and detectives herein sued were all acting under color of State law as duly-appointed active duty members of the Perth Amboy Police Department, and in such capacity were the agents, servants, and employees of defendant Perth Amboy Police Department.

## STATEMENT OF FACTS

14. On or about May 2, 2016, plaintiff was brutalized and beaten by Perth Amboy Police Officers Jonathan Castillo and Enmanuel Pena-Sanchez in the context of an arrest for an active warrant.

15. More specifically, Officers Castillo and Pena-Sanchez were patrolling the area of Fayette Street when they observed a "disorderly group" gathered in the area of 179 Fayette Street. The Officers instructed the group to lower their voices and disperse when they observed the plaintiff, whom they suspected had an active warrant out of Perth Amboy. Plaintiff was smoking a cigarette and dispersing with the group when he was attacked by Officer Castillo. At no time was plaintiff aware that he was under arrest or that the Officers were looking to specifically speak with him.

16. Thereafter, Officer Castillo forced plaintiff to the ground with great force and continued to hit him while he was subdued on the ground. Officer Castillo, or an unknown Officer, went so far as to forcefully drop his knee down on plaintiff's face and head while he was on the ground not resisting. While plaintiff was on the ground being beaten, Officer Pena-Sanchez unnecessarily administered pepper spray, further harming the plaintiff. All of these actions constituted excessive physical force and violence not appropriate to the circumstances.

17. At no time was plaintiff resisting the Officers in any way. Surveillance footage of the area shows plaintiff walking away when he is suddenly, and violently, thrown to the ground and abused by the Officers. Video footage shows no indication that plaintiff was physically resisting or refusing to comply with the Officers' orders in any manner.

18. Plaintiff was then arrested and charged with Obstructing Justice and Resisting arrest on Warrant # W-2016-000700 in Perth Amboy. Charges against plaintiff were eventually transferred to Woodbridge Municipal Court where, on April 25, 2017, the charges of Obstructing Justice and Resisting Arrest were dismissed.

19. On or about July 18, 2016, plaintiff was enjoying a dinner and night out at the Armory, a restaurant on the Perth Amboy waterfront, when off-duty Perth Amboy Police Officer Davis Salazar approached and threatened the plaintiff.

20. More specifically, Officer Salazar, while off-duty and unprovoked, threatened plaintiff saying that he will physically attack plaintiff, and challenged plaintiff to file a complaint against him, all while making lewd remarks to plaintiff. There is audio recording of the entire encounter between plaintiff and Officer Salazar.

21. Officer Rafael Bengochea has targeted plaintiff for harassment on more than one occasion, resulting in at least three (3) separate complaints to Perth Amboy Internal Affairs.

22. In one instance, Officer Bengochea, along with Officer Salazar were, for reasons unknown, in the area around plaintiff's home when plaintiff was on the phone and taking out the garbage. The two Officers then jumped plaintiff's fence and broke it down claiming that plaintiff was throwing out a suitcase and continued harassing plaintiff. Why this allegation of throwing out a suitcase warranted such actions has yet to be explained.

23. Most recently, plaintiff went for a walk around his neighborhood when he noticed a police vehicle U-turn and slowly follow him. When plaintiff was approximately one (1) block away from his house, the police vehicle pulled up near plaintiff. The Officer in this

police vehicle, Officer Rafael Bengochea, rolled down his window and began to harass plaintiff. Officer Bengochea told plaintiff to "get out of here," despite the fact that plaintiff was one (1) block away from his home. Officer Bengochea continued his harassment and asked plaintiff, "want me to fuck with you again?" As a result of Officer Bengochea's harassment, plaintiff again was forced to file a complaint with Perth Amboy Internal Affairs.

24. As a direct and proximate result of the Officers' actions, plaintiff has suffered severe injuries to face including contusions, back injuries, and a fracture of his right orbital. To this day plaintiff continues to suffer physical, mental, and emotional injury as well as other damages as a direct and proximate result of the defendants' wrongful acts.

## ADDITIONAL FACTS REGARDING LIABILITY

25. Defendant Perth Amboy Police Department, acting through its Acting Chief of Police Ramon McKeon, is the ultimate policymaking authority for the policies and procedures officially adopted and implemented by the employees of Perth Amboy Police Department, including the officers named in the complaint.

26. Defendant Perth Amboy Police Department is also legally responsible for the hiring, training, retention, supervision, and discipline of all its employees.

27. Defendant Perth Amboy Police Department is also legally responsible for the acts of all its employees related to the scope of their employment, under theories of agency, respondeat superior, vicarious liability, and related legal principles.

28. The nature of the wrongful acts perpetrated by the individual defendant police officers was of the kind that each individual defendant was employed to perform, and/or

occurred substantially within the time and space limits of each individual defendant's employment, and/or was actuated in whole or part by purpose to serve the employer, and/or involved actual use of force not unforeseeable by the employer.

29. The Perth Amboy Police Department is a public entity and its employees are public employees. The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint. These wrongful actions were undertaken in the absence of reasonable good faith.

30. Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment with the Perth Amboy Police Department but rather were undertaken within the scope of employment. Therefore, the public entity Perth Amboy State Police Department should be held vicariously liable for the wrongful acts of the individual defendants.

31. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the tortuous and wrongful actions herein complained. The tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately causing the injuries herein complained. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

32.    Upon information and belief, the wrongful conduct described above was perpetrated in conjunction with a longstanding and pervasive pattern of improper and excessive force utilized by the employees of the Perth Amboy Police Department. Upon information and belief the discovery phase of this litigation will reveal many instances wherein Perth Amboy Police Department, by and through its employees, has allowed, condoned, encouraged, and otherwise engaged in wrongful excessive and unreasonable force. Despite being put on notice of such allegations, Perth Amboy Police Department utterly failed to discipline the guilty officers and utterly failed to train and supervise them in order to produce future abuses, but rather allowed, condoned, and encouraged such wrongful conduct to continue.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF 42 U.S.C. § 1983

33.    Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

34.    At all times, plaintiff had the Constitutional right to be free from the use of excessive and unreasonable force against his person by the defendants for reasons including (but not limited to) the provisions of U.S. Const. amend. IV and XI.

35.    The defendants individually and in concert participated and conspired with one another (under the color of law) to deprive plaintiff of his civil rights by exercising improper and excessive force against him, as described more fully elsewhere in the Complaint.

36. The defendant officers violated 42 U.S.C. § 1983 by inflicting serious personal injury upon plaintiff by means of improper and excessive force grossly disproportional to any amount of force required to exercise any lawful stop/restraint/arrest. As a direct and proximate result of such violation of the statute, the plaintiff has been materially harmed and suffered substantial damages described more fully elsewhere.

## COUNT II - VIOLATION STATE LAW AND 42 U.S.C. § 1988

37. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

38. For substantially identical reasons as those described above, all of the wrongful acts complained of the defendants as violations of 42 U.S.C. § 1983 and the Federal Constitution also constitute violations of plaintiff's rights under the New Jersey Constitution and violations of New Jersey statutory law including but not limited to New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq.

39. As explained more fully elsewhere, each defendant was acting at all relevant times in furtherance of the interests of Perth Amboy Police Department.

40. As explained more fully elsewhere, plaintiff has suffered material harm and substantial damages as a direct and proximate result of such wrongful acts and violations of law by the defendants.

## COUNT III - EMOTIONAL DISTRESS
## INTENTIONALLY/ NEGLIGENTLY INFLICTED

41. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

42. As explained above, the officers named in the Complaint repeatedly abused plaintiff prior to his arrest. Furthermore, plaintiff has repeatedly been threatened by Officers of the Perth Amboy Police Department in the time following his incident on May 2, 2016. As a result, plaintiff has developed severe psychological trauma. Plaintiff routinely has trouble sleeping at night. Plaintiff is extremely uncomfortable at the sight of Police Officers to the point that he was extremely nervous and anxious when appearing in Municipal Court. Due to the physical abuse and threats, plaintiff has developed a fear of Police to such an extent that at times he is afraid to leave his home. Plaintiff's fear of law enforcement and anxiety was further exacerbated by the threats he received from Officer Salazar while at the Armory.

43. This conduct was so extreme and outrageous that it can fairly be said to constitute intentional acts intended to cause emotional distress, or alternatively the conduct was undertaken recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or alternatively the conduct was so negligent that it would cause a reasonable person fright from a reasonable fear of immediate personal injury, and such personal injury did actually occur here.

44. A reasonable person in plaintiff's position would experience such severe emotional distress no one could be expected to endure, namely reasonable fear of personal

injury, actual and lasting personal injury, and a reasonable fear of Police Officers as a result of this incident. This wrongful conduct proximately caused plaintiff to actually suffer all of this emotional distress and all of this fear, and also to suffer serious personal injury. Plaintiff therefore specifically requests punitive damages.

## COUNT IV – FALSE ARREST

45. Plaintiff repeats and reiterate each and every allegation contained previously in the Complaint and incorporate the same herein by reference as if set forth in their entirety.

46. On May 2, 2016, plaintiff was unlawfully arrested by Perth Amboy Police Officers Castillo and Pena-Sanchez.

47. Plaintiff was arrested against his will and was arrested without proper legal authority, legal justification, or probable cause.

48. Plaintiff was arrested for Obstructing Justice and Resisting arrest, charges that were dismissed on April 25, 2017.

49. At no time did plaintiff resist arrest or obstruct the Officers in any manner. There was no justification to arrest plaintiff for these charges and to abuse him in the process.

50. Plaintiff was materially harmed and is dealing with severe emotional trauma as a result of this false arrest. As such, defendants are liable to plaintiff for damages as a result of the false arrest.

## COUNT V – FUTURE INJURY/ FUTURE MEDICAL EXPENSES/

## FUTURE EARNING CAPACITY DAMAGED BY TORT

51. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

52. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

53. There is a reasonable medical probability that plaintiff will suffer future consequences of the present injury including further loss of use.

54. There is a reasonable probability that plaintiff will incur future medical expenses as a result of the above.

55. The nature of the injury, specifically injuries to plaintiff's back and upper body, is of the kind rendering it reasonably probable that his capacity to earn a living will be adversely affected, since plaintiff worked as a landscaper prior to this incident, a job requiring a full functioning and healthy upper body, a job he has not been able to perform since this incident.

56. Here, the quantum of diminishment of future earning capacity can reasonably be determined.

## COUNT VI - PUBLIC EMPLOYEE WRONGFULLY ENFORCING LAW

57. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their

entirety.

58. Upon information and belief, defendant Perth Amboy Police Department is a public entity and its employees are public employees.

59. The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint. Among other things, the individual defendants willfully neglected the laws and policies binding upon them to lawfully arrest the plaintiff and do so without excessive force. These wrongful actions were undertaken in the absence of reasonable good faith.

60. This wrongful execution and enforcement of the law proximately caused harm and damages to the plaintiff, for reasons explained more fully elsewhere in the Complaint.

61. Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment at the Perth Amboy Police Department, but rather were undertaken within the scope of employment. Therefore, the public entity Perth Amboy Police Department should be held vicariously liable for the wrongful acts of the individual defendants.

COUNT VII – OFFENSIVE PHYSICAL CONTACT THREATENED

62. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

63. On or about July 18, 2016, Officer Davis Salazar, acting unprovoked,

intentionally threatened plaintiff with immediate offensive physical contact.

64. While plaintiff was at the Armory in Perth Amboy, Officer Salazar's words and conduct placed plaintiff in reasonable, imminent, apprehension of offensive physical contact.

65. Officer Salazar acted intentionally to place the plaintiff in reasonable fear of such offensive contact based on the threats made, as well as his proximity to the plaintiff.

66. As a direct and proximate result of Officer Salazar's conduct, plaintiff has suffered severe emotional and psychological trauma for which defendants are liable. Plaintiff specifically seeks punitive damages on this count.

## COUNT VIII - INDIVISIBLE HARM/ JOINT AND SEVERAL LIABILITY

67. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

68. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

69. For all of the reasons explain more fully elsewhere in the Complaint, the tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately causing the injuries herein complained.

70. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to

individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief and judgment against defendants, as follows:

1. For general and consequential damages including (but not necessarily limited to) actual damages, pain and suffering, past and future medical expenses, mental anguish, and loss of earning capacity;
2. For punitive damages;
3. For reasonable attorneys' fees;
4. For costs of suit; and
5. For such further and different relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL ATTORNEY

Jarred S. Freeman, Esq. is hereby designated as trial counsel for the plaintiff in the above matter.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on January 14, 2019, I electronically filed the foregoing Amended Complaint with the Clerk of the Court via CM/ECF. I further certify that true copies of the Complaint will be served upon all parties in a manner authorized by law.

## CERTIFICATION OF COUNSEL

I HEREBY CERTIFY that that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the instant pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

DATED:  January 14, 2019            BY:_____
                                    Jarred S. Freeman, Esq.
                                    Attorney for Plaintiff